UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAROLD BARDROFF,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KEITECH USA, LLC AND MICHAEL CZAPLINSKI,**<br><br>**Defendants.** | Civ. No. 2:21-15044 (WJM)<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiff's Motion to Remand for lack of subject matter jurisdiction, ECF No. 2. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b). Defendants have not filed any opposition to Plaintiff's remand motion. Upon careful review of Plaintiff's motion, and

The Court noting that pursuant to the "saving to suitors" provision of 28 U.S.C. § 1331(1), Plaintiff initiated this action in state court for negligence for injuries sustained as a passenger in Defendant Michael Czaplinski's boat; and

The Court further noting that a maritime claim filed in state court under the "savings to suitors" clause is a case at law rather than admiralty. *See Glazer v. Honeywell Int'l. Inc.*, No. 16-7714, 2017 WL 1943953, at *3 (D.N.J. May 10, 2017). Therefore, removal of "saving to suitors" actions are permitted only if there exists an independent basis for jurisdiction. *See Sea-Land Serv., Inc. v. J & W Imp./Exp., Inc.*, 976 F. Supp. 327, 329 (D.N.J. 1997) (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 371–

72, 79 S.Ct. 468, 479–80, 3 L.Ed.2d 368, (1959); *see also U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 390 (3d Cir. 2002); and

The Court further noting that this Court lacks any independent basis for subject matter jurisdiction over this action; and for good cause shown;

IT IS on this 31th day of January 2022, hereby

**ORDERED** that Plaintiff's motion to remand is **GRANTED;**

**IT IS FURTHER ORDERED** that this matter shall be remanded to New Jersey Superior Court, Law Division, Bergen County; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this matter.

WILLIAM J. MARTINI, U.S.D.J.